## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## MARTINSBURG

**JAMES CROSS, JR.,**
               **Petitioner,**

**v.**                                         **Civil Action No. 3:18-CV-69**
                                               **(GROH)**

**KAREN PSZCZOLKOWSKI,**
               **Respondent.**

## REPORT AND RECOMMENDATION

## I.  INTRODUCTION

On May 7, 2018, Petitioner, acting pro se, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, along with various attachments thereto.  ECF Nos. 1, 1-1 through 1-3.  The matter is now pending before this Court for a review and Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule of Prisoner Litigation Procedure ("LR PL P") 2.

## II. FACTUAL AND PROCEDURAL HISTORY

### A.    Conviction and Sentence in State Court[1]

In June of 2012, in the Circuit Court of Berkeley County, West Virginia, case number 11-F-205, Petitioner was convicted of second degree murder, attempted second

---

[1]  The information in sections II.A., II.B., II.C. and II.D. is taken from the unpublished Memorandum Decision of the State of West Virginia Supreme Court of Appeals, docket number 16-1093, which is available at http://www.courtswv.gov/supreme-court/memo-decisions/spring2018/16-1093memo.pdf, Cross v. Pszczolkowski, 2018 WL 1256232 (W.Va. Mar. 12, 2018) and the unpublished the Memorandum Decision in docket number 13-0260, which is available at http://www.courtswv.gov/supreme-court/memo-decisions/fall2013/13-0260memo.pdf, State v. Cross, 2013 WL 5966968 (W.Va. Nov. 8, 2013).  Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

degree murder and malicious assault.  2013 WL 5966968, at *2.  Following those convictions, the State filed a recidivist information seeking to enhance Petitioner's malicious assault sentence to a life sentence based upon two prior separate felony convictions.  Id.

On October 23, 2012, a recidivist trial was held, and the jury found that petitioner was the same person who previously committed the two felonies charged in the recidivist information.  Id.  On December 3, 2012, Petitioner was sentenced by the Circuit Court. The Court imposed life imprisonment with the possibility of parole for malicious assault, forty years of incarceration for second degree murder, and one to three years of imprisonment for attempted second degree murder.  Id.  All three sentences were ordered to be served consecutively to one another.  Id.

**B.    Direct Appeal of State Conviction**

In his direct appeal, Petitioner argued that the Circuit Court committed six separate errors when it: (1) refused to give certain requested jury instructions; (2) failed to grant his motions for judgment of acquittal; (3) denied his motion to suppress certain evidence; (4) refused to grant his motion to sever defendants; (5) allowed "flight" evidence at trial; and (6) failed to sentence him to a single aggregate life sentence.  2013 WL 5966968, at *2 – 5.  The West Virginia Supreme Court of Appeals affirmed Petitioner's conviction and sentence on November 8, 2013.   The Court found "no error in the court's recidivist sentence."  Id.  at *5.

2

### C.   State Habeas Corpus Petition

Petitioner, acting pro se, filed a petition for habeas corpus in Berkeley County Circuit Court in case number 15-C-534.  2018 WL 1256232, at *2.  Following appointment of counsel, petitioner filed an amended petition on August 31, 2016.  Id.   The amended petition alleged, "that the trial court was without jurisdiction to impose a recidivist life sentence due to its failure to comply with the mandatory requirements of the recidivist statute, West Virginia Code § 61-11-19.  Specifically, petitioner maintained that he was not 'duly cautioned,' as required by the statute."  Id.  The Circuit Court denied Petitioner's amended petition on October 27, 2016.  Id.

### D.   State Habeas Corpus Appeal

Petitioner appealed the denial of habeas corpus relief in the Circuit Court to the West Virginia Supreme Court of Appeals in 16-1093.  2018 WL 1256232.  The Supreme Court of Appeals denied relief on March 12, 2018, by memorandum decision.  Id.  The Supreme Court of Appeals summarized Petitioner's claims:

> On appeal, petitioner argues that he was not "duly cautioned" in accordance with the requirements of West Virginia Code § 61-11-19, which deprived the circuit court of jurisdiction to impose his recidivist life sentence and violated his due process rights. Petitioner argues further that the record does not reflect the circuit court's finding that he affirmatively expressed his desire to remain silent. Finally, petitioner contends that the circuit [court] erroneously employed a harmless error analysis in concluding that, even assuming he was not duly cautioned, such failure did not prejudice him.

Id. at *2.   The Supreme Court of Appeals noted that Petitioner "ignores our pronouncement that 'the defendant, *before he acknowledges his identity as the person who has been previously convicted*, must be duly cautioned.'"  Id. at *3 (emphasis in

original).  The Court recognized that in each case cited by Petitioner, the defendant admitted his identity.  By contrast, Petitioner did not acknowledge his identity and a jury was empaneled to determine the issue of identity.  Id.  On March 12, 2018, the Supreme Court of Appeals affirmed the Circuit Court's October 27, 2016 order denying Petitioner's amended petition for the writ of habeas corpus.

### E.    Instant Federal Habeas Corpus Petition

Two months after denial of relief by the West Virginia Supreme Court of Appeals, Petitioner filed the instant petition for habeas corpus relief pursuant to 28 U.S.C. § 2254, and supplemental attachment thereto.  ECF Nos. 1, 1-1.  Therein, Petitioner alleges a single ground for relief in his petition, that:

> The trial court fail[ed] to abide by the mandatory requirement of the recidivist statute, W.Va. Code section 61-11-19 [ ] duly cautioned; by failing to advise Petitioner he had the right to admit, or to deny, or remain silent and have the issue of his identity submitted to a jury.

ECF No. 1-1 at 1.  Petitioner asserts that during his arraignment on the recidivist information, "the court failed to duly caution Petitioner as prescribed by the mandatory language of the statute; mandates that a person sentenced under the recidivist statute must be duly cautioned."  Id. at 2.

## III.  LEGAL STANDARD

### A.    Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's

case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; <u>see also</u> Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

**B.     Petitions for Habeas Corpus Under 28 U.S.C. § 2254**

Title 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), authorizes a federal district court to entertain a petition for habeas corpus relief from a prisoner in state custody, "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). When determining the merits of a § 2254 petition, the district court applies the standards set forth in § 2254(d), which provides that the habeas petition of a person in State custody:

> shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim--
>    **(1)** resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>    **(2)** resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1) and (2). Moreover, the factual determinations by the state courts are presumed to be correct and are only rebutted upon presentation of clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1). Therefore, when reviewing

5

a petition for habeas relief, the Federal Court uses a "highly deferential lens" mandated by the AEDPA.  <u>DeCastro v. Branker</u>, 642 F.3d 442, 449 (4th Cir. 2011).

A claim is generally considered to have been "adjudicated on the merits" when it is "substantively reviewed and finally determined as evidenced by the state court's issuance of a formal judgment or decree." <u>Thomas v. Davis</u>, 192 F.3d 445, 455 (4th Cir. 1999).  The "contrary to" and "unreasonable application clauses of § 2254)(1)(d) have separate and independent meanings. <u>Williams v. Taylor</u>, 529 U.S. 362, 364 (2000).  A state court decision warrants habeas relief under the "contrary to" clause "if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to the Supreme Court's." <u>Lewis v. Wheeler</u>, 609 F.3d 291, 300 (4th Cir. 2010) (quoting <u>Williams</u>, 529 US at 405) (internal quotations omitted).  A writ of habeas corpus may be granted under the "unreasonable application" clause if the state court "identifies the correct governing legal rule from the [Supreme] Court's cases but unreasonably applies it to the facts of the particular case." <u>Id.</u> at 300- 01 (internal marks omitted).  Therefore, the AEDPA limits the habeas court's scope of review to the reasonableness, rather than the correctness, of the state court's decision.

## IV. ANALYSIS

Petitioner seeks the writ habeas corpus herein upon a single ground which has previously been raised and decided in the Supreme Court of Appeals of West Virginia. The Supreme Court of Appeals found no merit to Petitioner's claim that his sentence of life imprisonment under West Virginia Code § 61-11-18 was unconstitutional.   The

Supreme Court of Appeals expressly rejected Petitioner's claim that the trial court's failure to duly caution him constituted a denial of due process.  2018 WL 1256232 at *3.

Accordingly, Petitioner is not, under the plain language of the statute, entitled to relief under 28 U.S.C. § 2254(d).  Petitioner's claim was previously adjudicated on the merits in state court proceedings, both in the Circuit Court and in the Supreme Court of Appeals.  Pursuant to § 2254(d) such a claim "shall not be granted."  Additionally, Petitioner has not articulated any grounds that would support relief under the "contrary to" or "unreasonable determination" exceptions found in subparagraphs (1) and (2).  Petitioner has not shown any unreasonable application of federal law which occurred in the state proceedings, nor does he allege that the state court's adjudication resulted in a decision based on an unreasonable determination of the facts.  Instead, Petitioner merely raises the same claim that he has previously raised unsuccessfully in state court.

However, when the Supreme Court of Appeals of West Virginia considered Petitioner's state habeas corpus appeal on the merits,[2] its denial of relief did not include any determination which is opposite on a matter of law to any decision of the Supreme Court.  Because Petitioner fails to demonstrate that the decision of the state court is contrary to, or involves an unreasonable application of, clearly established federal law as

---

[2] Even when a state court summarily rejects a claim and does not set forth its reasoning, the federal court reviews the record and clearly established Supreme Court law.  Bell v. Jarvis, 236 F.3d 149 (4th Cir. 2000), cert. denied, 534 U.S. 830 (2001).  However, the federal court must still "confine [its] review to whether the court's determination 'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" Id. at 158 (quoting Bacon v. Lee, 225 F.3d 470, 478 (4th Cir. 2000)).

determined by the Supreme Court, Petitioner has not established that he is entitled to relief pursuant to 28 U.S.C. §2254(d).

## V.  RECOMMENDATION

Based upon a review of the record, this Court **RECOMMENDS** that the District Court enter an Order which **DENIES WITH PREJUDICE** Petitioner's §2254 Petition for habeas corpus [ECF No. 1], which should thereafter be dismissed from the docket.

The undersigned further **RECOMMENDS** that the District Court **DENY** Petitioner's motion to compel [ECF No. 10].

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge.  Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to timely file written objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED:      March 7, 2019

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE