# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**JAMES CROSS, JR.**,

    Petitioner,

v.                                                               **CIVIL ACTION NO.: 3:18-CV-69 (GROH)**

**KAREN PSZCZOLKOWSKI**,

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

Pending before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Robert W. Trumble. ECF No. 11. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Trumble for submission of a proposed R&R. Magistrate Judge Trumble issued his R&R on March 7, 2019. In his R&R, Magistrate Judge Trumble recommends that the Petitioner's § 2254 petition [ECF No. 1] be denied and dismissed with prejudice.

## I. BACKGROUND

Upon review of the record, the Court finds that the facts as explained in the R&R accurately and succinctly describe the circumstances underlying the Petitioner's claims. The Court incorporates those facts herein. However, outlined below are the most relevant facts of this case.

Following the Petitioner's state court convictions, a recidivist trial was held to enhance his malicious assault sentence to a life sentence based upon two prior separate felony convictions. Following the trial, the jury found the Petitioner was the same person

who previously committed the two felonies. The Court imposed life imprisonment with the possibility of parole for the Petitioner's malicious assault conviction. The West Virginia Supreme Court of Appeals affirmed Petitioner's conviction and sentence, finding, in part, that there was "no error in the court's recidivist sentence."

The Petitioner filed a state habeas corpus petition challenging his recidivist life sentence. The Petitioner argued that he was not duly cautioned as required by West Virginia Code § 61-11-19. Berkeley County Circuit Court denied the petition. Petitioner appealed the decision, and the West Virginia Supreme Court of Appeals affirmed. The Supreme Court of Appeals noted that the Petitioner "ignores our pronouncement that 'the defendant, *before he acknowledges his identity as the person who has been previously convicted*, must be duly cautioned.'"

On May 7, 2018, James Cross, Jr. ("Petitioner") filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. In his petition, the Petitioner alleges one ground for relief, specifically that he

> was denied due process of law under the Fourteenth Amendment of the U.S. Constitution by the trial court failing to abide by the mandatory requirement of the recidivist statute, W. Va. Code section 61-11-19 C. (Proceedings) Duly Cautioned; by failing to advise Petitioner he had the right to admit, or to deny, or remain silent and have the issue of his identity submitted to a jury.

The Petitioner requests that his recidivist life sentence be held void.

## II. LEGAL STANDARDS

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a *de novo* review of the magistrate judge's findings where objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objection is made. Thomas v. Arn, 474 U.S. 140, 150

2

(1985). Failure to file timely objections constitutes a waiver of *de novo* review and of a Petitioner's right to appeal this Court's Order. 28.U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

Moreover, "[w]hen a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W. Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." Williams v. New York State Div. of Parole, No. 9:10-CV-1533 (GTS/DEP), 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012). Courts have also held that when a party's objection lacks adequate specificity, the party waives that objection. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that even though a party filed objections to the magistrate judge's R&R, they were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendations . . . and unsupported by legal authority, [are] not sufficient." Mario 313 F.3d at 766. Finally, the Fourth Circuit has long held, "[a]bsent objection, we do not believe that any explanation need be given for adopting [an R&R]." Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983) (finding that without an objection, no explanation whatsoever is required of the district court when adopting an R&R).

Objections to Magistrate Judge Trumble's R&R were due within fourteen plus three days of service. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Service was accepted by

3

the *pro se* Petitioner on March 12, 2019. ECF No. 12. The Petitioner filed his objections on March 25, 2019. ECF No. 13. Accordingly, this Court will review the Petitioner's objections to the R&R *de novo*. The Court will review the remainder of the R&R for clear error.

### III. DISCUSSION

Magistrate Judge Trumble recommends denying and dismissing the petition with prejudice because the Petitioner has not established that he is entitled to relief pursuant to 28 U.S.C. § 2254(d). The Supreme Court of Appeals expressly rejected Petitioner's claim that the trial court's failure to duly caution him constituted a denial of due process. Magistrate Judge Trumble found that the Petitioner has failed to demonstrate that the decision of the state court is contrary to, or involves an unreasonable application of, clearly established federal law as determined by the Supreme Court. Moreover, the Petitioner has failed to demonstrate that the state court's adjudication resulted in a decision based on an unreasonable determination of the facts.

The Petitioner's objections are a continuation of his argument that he was not duly cautioned. He argues that the "lower court's decision was contrary to clearly established federal law, due process under the 14th Amendment of the United States Constitution. And under subsection (2) the application of the statute was incorrectly applied, as every person sentenced under the recidivist statute must be duly cautioned." ECF No. 13 at 1. The Petitioner avers that, in his case, "where he went to trial then came back . . . and is saying hey, you didn't duly caution me . . . has never been challenged before – that [he] can find where a defendant went to trial on the information then challenged duly cautioned." Id. at 6. The Petitioner contends that he should have been duly cautioned

even though he had a jury trial on the issue.  Moreover, the Petitioner argues that "[i]f the lower courts of the state of West Virginia are not abiding by their own Legislative Mandated Law – this has to be a violation of Due Process."  Id. at 7.

The West Virginia Supreme Court of Appeals noted that the Petitioner "ignores our pronouncement that 'the defendant, *before he acknowledges his identity as the person who has been previously convicted*, must be duly cautioned.'"  The Supreme Court of Appeals contrasted the Petitioner's case with other cases, noting that the Petitioner did not acknowledge his identity and a jury was empaneled to determine the issue of identity.  The court's decision did not include any determination which is opposite on a matter of law to any decision of the Supreme Court.  Further, the court's decision did not involve an unreasonable application of clearly established federal law as determined by the Supreme Court.  Accordingly, the Petitioner's objections are without merit and are hereby **OVERRULED**.

## IV. CONCLUSION

Accordingly, upon careful review of the R&R and the Petitioner's objections, it is the opinion of this Court that Magistrate Judge Trumble's Report and Recommendation [ECF No. 11] should be, and is hereby, **ORDERED ADOPTED** for the reasons more fully stated therein.  The Petitioner's § 2254 Petition [ECF No. 1] is **DENIED** and **DISMISSED WITH PREJUDICE**.  Further, the Petitioner's Motion to Compel [ECF No. 10] is **DENIED**.

As a final matter, upon an independent review of the record, this Court hereby **DENIES** the Petitioner a Certificate of Appealability, finding that he has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

This matter is **ORDERED STRICKEN** from the Court's active docket. The Clerk of Court is **DIRECTED** to mail a copy of this Order to the Petitioner by certified mail, return receipt requested, at his last known address as reflected on the docket sheet.

**DATED:** April 8, 2019

*/s/ Gina M. Groh*
GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE